Jasen, J. (dissenting).
The Police Commissioner’s findings that petitioner was guilty of 11 receiving and agreeing to receive a valuable piece of property for his own use without reporting same to Commissioner ” and “ failure to safeguard [the] crime scene and protect evidence ” were sustained by the Appellate Division and all the members of this court.
However, the punishment imposed by the Commissioner reducing the petitioner in grade from the rank of sergeant to patrolman was modified by the courts below ££ to the loss of pay sustained by the petitioner’s reduction in rank from sergeant to patrolman from September 24, 1965 to February 10, 1966,” that he £1 be transferred from the command which he held on September 24, 1965 to another precinct,” and that “ the petitioner be reinstated as a sergeant in the Suffolk County Police *856 Department as of February 10, 1966 with consequent back payment
I do not agree that the penalty of demotion was “ so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.” (Matter of McDermott v. Murphy, 15 A D 2d 479, affd. 12 N Y 2d 780.)
Clearly, morale and discipline are essential to the Commissioner’s effectiveness, as well as that of the police department. The erosion of the power of the Police Commissioner to properly discipline and punish cannot be taken lightly.
Petitioner, as a supervising sergeant at the time of this incident, was in the very front line in administering good order, efficiency and discipline in the force. A police officer is guilty of serious fault when he does an act even without evil intent which tends to destroy confidence in his integrity and honesty. Here, petitioner removed two lamps from the scene of a burglary. Although accepting something of value without proper authorization and failure to report it is a serious act, the disturbance of the scene of a crime before the investigation has been completed is inexcusable.
In this case, the Commissioner’s determination was entirely fitting, and, indeed, under the circumstances inevitable. It does not fail the test as being so disproportionate to the offense, in the light of all the circumstances, as to be “ shocking to one’s sense of fairness.” (Cf. People ex rel. Guiney v. Valentine, 274 N. Y. 331, 333-334.)
I would modify the order of the Appellate Division as to the punishment imposed and confirm the Police Commissioner’s determination.
Order affirmed, etc.